IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE MINOR<br>16201 Holmes Ave., Apt. 3<br>Cleveland, Ohio 44110<br><br>　　　　　　　　Plaintiff<br><br>　　　v.<br><br>CLEVELAND CLINIC HEALTH<br>SYSTEM<br>20000 Harvard Road,<br>Warrensville Heights, Ohio 44122<br><br>　　**Serve also:**<br>　　　The Cleveland Clinic Foundation<br>　　　 Statutory Agent<br>　　　 9500 Euclid Ave.<br>　　　 Cleveland, Ohio 44195<br><br>　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(Jury Demand Endorsed Hereon)** |

## INTRODUCTION

Plaintiff Diane Minor brings this action against Defendant Cleveland Clinic Health System ("Cleveland Clinic"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 207, *et seq.*, and the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Law"), O.R.C. §§ 4111.03 *et seq*. The following allegations are based upon information and belief, or personal knowledge as to Plaintiff's own conduct and the conduct and acts of others.



## PARTIES

1. Minor is a resident of the city of Cleveland, county of Cuyahoga, state of Ohio.

2. Cleveland Clinic is an Ohio corporation with its principle place of business located in the city of Cleveland, County of Cuyahoga, State of Ohio.

3. Cleveland Clinic is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Fair Labor Standards Act ("FLSA"), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.

4. Cleveland Clinic is "named enterprise" under the Fair Labor Standards Act, in that it is an institution "primarily engaged in the care of the sick, the aged, or the mentally ill" within the meaning of Section 3(s)(1)(B) of the Act.

5. During all times material to this Complaint, Defendant was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Minor is alleging a federal law claim arising under the Federal Labor Standards Act (FLSA), 29 U.S.C. § 207, *et seq*. Thus, this Court has original jurisdiction over the federal law claims asserted in this Complaint under 28 U.S.C. § 1331.



7. Jurisdiction is proper over Defendant in that all material events alleged in this Complaint occurred in county of Cuyahoga, the county within which Cleveland Clinic's principle place of business is located.

8. This Court has supplemental jurisdiction over Minor's state law claims under 28 U.S.C. § 1367.

9. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which the Defendant operate and conduct business, and within which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS

10. During all times material to this Complaint, Minor was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

11. At all times material to the Complaint, Minor worked at Cleveland Clinic's South Pointe Hospital as an Area Cleaner.

12. Minor's job duties include cleaning rooms and hallways of the hospital, mopping floors, and stocking rooms.

13. As an Area Cleaner, Minor is a non-exempt employee under the FLSA.

14. As an Area Cleaner, Minor is paid hourly.

15. At all times material to the Complaint, Minor recorded her hours using a time punch.

16. Since 2013, Minor has been scheduled to work a fixed schedule, generally running from 7:00 a.m. to 3:30 p.m., for a total of eight and a half (8.5) hours a day, five days a week, or forty-two and a half (42.5) hours a week.

17. At all times material to the Complaint, Defendant automatically deducted half an hour from Minor's recorded hours for a meal break.

The Employee's Attorney.™ 

18. As a result of Defendants automatic meal break deduction, Minor was only paid for working forty (40) hours a week.

19. Minor routinely worked through her meal break.

20. Minor routinely used her meal break for the primary benefit of Defendant, rather than for her own purposes. At all times referenced in the complaint, Minor was required to turn in a "Discharge Cleaner Procedure" form to her supervisor daily.

21. The "Discharge Cleaner Procedure" is essentially a checklist, in which Minor would indicate what job duties she had completed and notate any issues that arose during the day.

22. At all times material to the Complaint, Minor would write "no lunch" on the paperwork she submitted to her supervisor if she had not taken a meal break.

23. Minor's submission of documentation that she had worked through her meal break put Defendant on notice that Minor had to be compensated for the half-hour time period that was otherwise automatically deducted from her recorded time.

24. Despite Minor's reports that she had worked through her lunch, Defendant failed to pay her overtime for that time as it accrued over forty (40) hours in a given week.

25. At all times referenced herein, Defendant was aware of its obligations under the FLSA and Ohio Wage Act, and it maintained policies and procedures regarding compliance with the FLSA and Ohio Wage Act.

26. Despite its knowledge of its obligations under the FLSA and the Ohio Wage Act, Defendant willfully refused to pay Minor for compensable time she worked during her meal break.

27. In or around November of 2017, Defendant acknowledged that Minor (and potentially other employees) had been working through their meal breaks without compensation.



28. In or around November of 2017, Defendant changed its policies regarding meal periods, creating a new reporting process subject to management approval.

29. In or around November of 2017, Minor began utilizing Defendant's new time reporting procedure, but to the present, Defendant routinely fail to pay her for time she reports working during her meal break.

30. Minor was paid at an hourly rate of $12.24 from February 5, 2015 through approximately May 27, 2015.

31. Minor is owed approximately $550.00 in pre-liquidated damages as a result of Defendant's failure to pay her all wages due between February 5, 2015 and May 27, 2015.

32. Minor was paid at an hourly rate of $12.61 from around May 28, 2015 to May 14, 2016.

33. Minor is owed approximately $2,411.66 in pre-liquidated damages as a result of Defendant's failure to pay her all wages due between May 28, 2015 and May 14, 2016 Minor was paid at an hourly rate of $12.99 from May 15, 2016 to May 13, 2017.

    Minor is owed approximately $2,533.05 in pre-liquidated damages as a result of Defendant's failure to pay her all wages due between May 15, 2016 to May 13, 2017.

34. Minor was paid at an hourly rate of $13.38 from May 14, 2017 to the present.

35. Minor is owed approximately $1,739.06 in pre-liquidated damages as a result of Defendant's failure to pay her all wages due since May 14, 2017.

36. As a result of Defendant's continuing failure to pay Minor for all hours worked, her damages are ongoing and continue to accrue.



## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

37. Minor restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

38. During all times material to this complaint, Minor was not exempt from receiving minimum wage under the FLSA because, *inter alia*, she was not an "executive," "computer," "administrative," "inside sales," "outside sales," or "professional" employee, as defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

39. During all times material to this Complaint, Defendant violated the FLSA by failing to compensate Minor at a rate of time-and-one-half of her regular rate of pay for all time she worked in excess of forty (40) hours per workweek prescribed by 29 U.S.C. § 207.

40. During all times material to this complaint, Defendant willfully and/or recklessly violated 29 U.S.C. § 207.

41. In violating the FLSA, Defendant without a good faith basis, unreasonably, and in reckless disregard of clearly applicable FLSA provisions.

42. As a direct and proximate cause of Defendant's conduct, pursuant to 29 U.S.C. § 216(b), Defendant is liable to Minor for the full amount of her overtime pay, and an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

## COUNT II: VIOLATION OF THE OHIO WAGE ACT

43. Minor restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

44. The Ohio Wage Act requires that covered employer pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty (40) hours in one workweek. O.R.C. §§ 4111.03, et seq.

45. During all times material to this complaint, Cleveland Clinic was a covered employer required to comply with the Ohio Wage Act's mandates.



46. During all times material to this complaint, Minor was a covered employee entitled to individual protection of Ohio Wage Act.

47. Defendant violated the Ohio Wage Act with respect to Minor by, *inter alia*, failing to pay Minor at a rate of time-and-one-half of her regular rate of pay for all time she worked in excess of forty (40) hours per workweek.

48. Defendant without a good faith basis and in reckless disregard of clearly applicable Ohio Wage Act provisions.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Diane Minor request judgment against Defendant Cleveland Clinic and for an Order:

(a) Awarding against Defendant compensatory and monetary damages to compensate Minor for unpaid wages or overtime, along with an equal amount of liquidated damages as allowed by FLSA;

(b) Awarding Minor costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

(c) An injunction prohibiting Defendant from engaging in future violations of the FLSA, or the Ohio Wage Act; and

(d) Awarding Minor any such other and further relief as the Court deems just and proper;

(e) For a judgment against Defendant for all damage, relief, or any other recovery whatsoever.

The Employee's Attorney.™ 

Respectfully submitted,

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
Siqin Wang (0097181)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com
         carol.wang@spitzlawfirm.com

*Attorneys for Plaintiff Diane Minor*

## JURY DEMAND

Plaintiff Diane Minor demands a trial by jury by the maximum number of jurors permitted.

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**

8

